932 F.2d 975
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Robert STAFFORD, Plaintiff-Appellant,
v.
FIBREBOARD CORPORATION, Johns-Manville Sales Corporation,
Owens-Corning Fiberglass Corporation, Eagle-Picher
Industries, Inc., Unarco Industries, Inc., Celotex
Corporation, Ruberoid Corporation, a Division of GAF
Corporation, Armstrong Cork Company, Standard Asbestos
Manufacturing and Insulation Company, Kenne Corporation, and
Forty-Eight Insulation, Inc., Defendants-Appellees,
and
Combustion Engineering, Inc., Defendant.
 No. 82-1079.
 United States Court of Appeals, Tenth Circuit.
 May 13, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 I. ABATEMENT OR DISMISSAL OF PROCEEDINGS AGAINST BANKRUPT APPELLEES
 
 
 3
 On March 4, 1991, defendant-appellee Eagle-Picher Industries, Inc. filed a chapter 11 petition in the United States Bankruptcy Court for the Southern District of Ohio. Under section 362 of the Bankruptcy Code, this action is automatically stayed as to Eagle-Picher during the pendency of that bankruptcy. 11 U.S.C. Sec. 362 (1988). Accordingly, we order abatement of all proceedings in this appeal as to defendant-appellee Eagle-Picher Industries, Inc., and orders and judgments of the court in this appeal shall not bind Eagle-Picher.
 
 
 4
 The court previously abated this appeal as to defendants-appellees Celotex Corp. and Forty-Eight Insulation, Inc. We are not stayed, however, from adjudicating Mr. Stafford's claims against the remaining defendants-appellees. Dillon v. Fibreboard Corp., 919 F.2d 1488, 1499 n. 1 (10th Cir.1990).[2]
 
 
 5
 Eagle-Picher, Celotex, and Forty-Eight Insulation shall notify this court immediately if their bankruptcy stays are lifted or shall file status reports by May 28, 1991.
 
 
 6
 Defendant Unarco has been discharged in bankruptcy, and an injunction has been issued against any further judgments by the United States District Court for the Eastern District of Illinois. We therefore order that this action be dismissed as to defendant Unarco.
 
 II. FACTS
 
 7
 Robert Stafford, the appellant, brought this diversity action claiming he had developed asbestosis after exposure to the asbestos-containing insulation products manufactured and sold by the appellees. Mr. Stafford worked as an insulator from 1946 until 1979. In 1979, Mr. Stafford suffered a stroke, which caused him to leave his employment. Sometime after the stroke, Mr. Stafford was diagnosed as suffering from asbestosis. Mr. Stafford's medical expert testified that the asbestosis had caused a 40 percent disability. Presumably, any further disability suffered by Mr. Stafford is due to the stroke or other conditions. Mr. Stafford claims that the appellees are strictly liable for his damages from asbestosis because they failed to warn him that their products were unreasonably dangerous.
 
 
 8
 The jury returned a verdict for the appellees. Mr. Stafford now appeals, arguing (1) that the court improperly limited the testimony of one of his expert witnesses and (2) that the court misled the jury by giving instructions as to the "state of the art" with respect to medical and scientific knowledge about the hazards of asbestos because the "state of the art" is irrelevant in a strict liability failure-to-warn case. We address each of those arguments in turn.
 
 III. LIMITATION OF TESTIMONY
 
 9
 We will not disturb a trial court's ruling regarding admission or exclusion of evidence, including testimony by expert witnesses, unless the trial court has abused its discretion. Karns v. Emerson Elec. Co., 817 F.2d 1452, 1459 (10th Cir.1987).
 
 
 10
 Mr. Stafford called Benjamin Taylor, Ph.D., an expert in labor economics, to testify as to Mr. Stafford's loss of earning capacity. The court granted the appellee's motion in limine to limit Dr. Taylor's testimony to the fact that Mr. Stafford had suffered a 40 percent loss of earnings from sedentary employment because of his asbestosis. The court would not allow Dr. Taylor to testify that Mr. Stafford had suffered a 100 percent loss of earnings as an insulation worker. The court so ruled because Mr. Stafford's own medical witnesses had already testified that he had ceased insulation work because of his stroke, not because of asbestosis. See record, vol. 12, at 5. The court offered to allow Mr. Stafford to recall his medical witnesses in order to establish that, but for the asbestosis, he would have recovered enough from the stroke the return to insulation work. Mr. Stafford declined to do so, and Dr. Taylor proceeded to give his limited testimony. Id. at 6-7.
 
 
 11
 Under these circumstances, we do not believe the court abused its discretion. However, even if the court had erred, the jury never reached the question of Mr. Stafford's alleged damages because the jury found the appellees were not liable. Thus, any error would have been harmless. See Fed.R.Civ.P. 61.
 
 IV. JURY INSTRUCTIONS
 
 12
 "When examining a challenge to jury instructions, we review the record as a whole to determine whether the instructions 'state the law which governs and provided the jury with an ample understanding of the issues and the standards applicable.' " Big Horn Coal Co. v. Commonwealth Edison Co., 852 F.2d 1259, 1271 (10th Cir.1988) (quoting Ramsey v. Culpepper, 738 F.2d 1092, 1098 (10th Cir.1984)). "[A]n error in jury instructions will mandate reversal of a judgment only if the error is determined to have been prejudicial...." Id. at 1271 n. 19.
 
 
 13
 Mr. Stafford objects to instructions regarding the "state of the art" of medical and scientific knowledge about the dangers of asbestos. Mr. Stafford has not specified which instruction or instructions he challenges. However, the instructions contain the following references to the "state of the art" and related topics:
 
 
 14
 Fault Not At Issue--Manufacturer Not Guarantor
 
 
 15
 If you find that the essential elements of the plaintiff's claim have been established by a preponderance of the evidence, defendants are liable even though you may find and believe that defendants exercised all possible care in the manufacture and sale of the product.
 
 
 16
 However, the manufacturer of a product such as the one involved in this case is not a guarantor that no one will get hurt in using the product or that it will incorporate the ultimate in safety. The law requires the manufacturer to make a product in keeping with the state of the art which is free of defects making it unreasonably dangerous.
 
 
 17
 Record, vol. 4, at 1141.
 
 State of the Art
 
 18
 You are instructed that the term "state of the art" means to conform with an acceptable industry standard at the time the product was actually manufactured. It is for you as the jury, from all the evidence in this case, to determine what the industry "state of the art" was concerning health hazards to users and the adequacy of the instructions and warning of the defendants to users of asbestos products.
 
 
 19
 Id. at 1144.
 
 Notice
 
 20
 You are instructed in considering the question of the adequacy or inadequacy of instructions and warning from the evidence, you should determine at what point in time there was a sufficient body of medical knowledge concerning potential respiratory or pulmonary problems of potential users available to a defendant that it as an industry manufacturer should have been able to foresee the hazards of its asbestos products and given proper and adequate instructions and warnings. Likewise, you should determine at what point in time there was sufficient information available to the plaintiff as an insulator-laborer or mechanic so that he knew or reasonably should have known of the health hazards of asbestos products which would make further instruction or warnings to him unnecessary.
 
 
 21
 Id. at 1145.
 
 Manufacturer--Knowledge and Skill
 
 22
 You are instructed a manufacturer is held to the knowledge and skill of an expert in the industry. This should be considered by you in determining whether the manufacturer knew or should have known from available medical and scientific information of health hazards associated with the use of the manufactured product.
 
 
 23
 Id. at 1146.
 
 
 24
 Mr. Stafford timely objected to the "state of the art" instructions. He now argues that "state of the art" instructions are irrelevant in a strict liability action. He further argues that these instructions misled the jury by requiring them to find that the appellees were negligent, rather than strictly liable.
 
 
 25
 In strict liability failure-to-warn cases, the jurisdictions are split on the issue of whether a manufacturer must warn of all dangers, or only of "knowable" dangers. See Annotation, Strict Products Liability: Liability for Failure to Warn As Dependent on Defendant's Knowledge of Danger, 33 A.L.R. 4th 369 (1984). In jurisdictions requiring warnings only of "knowable" dangers, "state of the art" evidence is relevant to the issue of whether a danger is "knowable."
 
 
 26
 Oklahoma has followed the majority of jurisdictions in adopting a rule that a manufacturer is strictly liable if he fails "to warn of all potential danger, which it knew, or should have known, in the exercise of reasonable care to exist." McKee v. Moore, 648 P.2d 21, 24 (Okla.1982). Furthermore, the Oklahoma courts have approved the definition of strict liability found in the Restatement (Second) of Torts Sec. 402A. See Kirkland v. General Motors Corp., 521 P.2d 1353 (Okla.1974). Comment j to Sec. 402A conditions a manufacturer's duty to warn of dangers on whether "he has knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge, of the presence of the ingredient and the danger." Restatement (Second) of Torts Sec. 402A comment j (1965). Thus, the "state of the art" instructions given to the jury in this case, when read in context, accurately reflect the law of Oklahoma and do not constitute error.
 
 
 27
 Finally, Mr. Stafford argues cursorily that the instructions failed to inform the jury that the appellees had the burden of proof to show that it complied with the "state of the art" and that this failure constitutes reversible error. Mr. Stafford cites no authority for this assertion, and we can locate none. Furthermore, he did not raise this objection at trial and we do not find the alleged omission to be plain error.
 
 
 28
 Because we hold that the trial court did not err in limiting the testimony of Mr. Stafford's expert witness or in instructing the jury, we AFFIRM the order of the district court except as to defendant Unarco Industries, Inc. As to Unarco we REMAND to the district court for dismissal. The mandate shall issue forthwith.
 
 
 29
 FN1 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.
 
 
 30
 FN2 The current status of defendant Standard Asbestos is unclear. However, because we are affirming the district court, this order will not affect the substantial rights of any creditors. We therefore will proceed to issue our order and dispose of this matter.